## CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed June 22, 1897.

### EX PARTE TRUST ESTATE OF DEUTSCH LITHOGRAPHING & PRINTING CO.

*Hinkley & Morris, William S. Thomas* and *Martin Lehmayer* for exceptants.

*Steiner & Putzel* for trustee.

STOCKBRIDGE, J.—

On the 20th of August, 1896, Mr. Albert E. Tolle succeeded as trustee, Martin Oppenheimer, who had theretofore, under a deed of trust from the Deutsch Lithographing and Printing Company, been conducting the business formerly carried on by that company. Mr. Tolle continued this business as a going concern, making purchases of materials, entering into contracts, employing labor, and conducting a general printing business down to some time about the 21st of January, 1897, when, finding that he was carrying on the business at a loss, he filed his petition in a cause already pending in this Court, asking that the Court assume jurisdiction of the trust. This was done, and thereafter, acting under the orders of this Court, the trustee proceeded to close out the said business. This having been accomplished, he filed his report in this Court, which apparently gives the conduct of the estate in his hands only from the date of the order of the Court assuming jurisdiction, and upon his report so filed, the auditor has stated an account, which has been excepted to by several of the creditors of Mr. Tolle, trustee.

As appears upon the face of the papers, the report filed by Mr. Tolle and the account stated thereon is not a full and complete accounting of all his conduct of the business as trustee, but partial only, and this fact itself is sufficient to require the sending back of the papers to the auditor, in order that there may be a full accounting by Mr. Tolle for all his acts as trustee in connection with the trust estate; while there is no direct allegation made of concealment or misstatement upon the part of Mr. Tolle as to the matters which are stated, his present attitude is to ask a Court of equity to assume jurisdiction over the administration of a trust estate, and then to make that supervision partial merely, and to sanction such a practice, by which a trustee might for years conduct a trust for which he renders no account to any one, and then come into a Court of equity, and when that Court has assumed jurisdiction of the trust, render his accounts therein for but a small portion of the time, would constitute a precedent liable to the gravest abuses and open the door to legalizing frauds of the gravest character. A Court of equity in its relation to trustees over which it has jurisdiction requires of them either a full account of all their doings with reference to the trust estate, or else it will not take any jurisdiction whatever, and when, as in the present instance, that jurisdiction and direction has been undertaken at the request of the trustee, he must make a full and complete report and accounting of all his doings in connection with the trust estate, else the aid and protection which he invokes will not be extended.

In sending these papers back to the auditor, however, it is proper that something should be said with regard to certain claims which have been ex-

cepted to and with regard to the claim of one or two creditors of the trustee which have not been allowed. The creditors in the case are of three classes, namely, the creditors of the Deutsch Lithographing and Printing Company who were such before that company made a deed of trust; second, the creditors of the trust estate of which Martin Oppenheimer was the trustee, and third, the creditors of the trust estate of which Albert E. Tolle was the trustee. There was never any report or accounting in this Court of the conduct of the trust estate by Martin Oppenheimer, and in dealing with these claims the equitable principle seems to be laid down by the Court of Appeals in the case of the Diamond Match Company vs. Taylor, 83 Md.—and applying the principles announced in that case, the creditors of Albert E. Tolle, trustee, are entitled to payment, or distribution pro rata if the estate in his hands be insolvent as the result of his conduct of the business, in preference to either the creditors of the Deutsch Lithographing and Printing Company as such, or the creditors of Martin Oppenheimer, trustee. Two of the claims which are allowed by the auditor's account and specified to be preferred claims are allowances to Martin Oppenheimer of $356.48, and Steiner & Putzel, attorneys, of $110 for services rendered to Martin Oppenheimer, trustee; these are concededly claims arising out of the conduct of the trust estate by Martin Oppenheimer, and the allowance as a priority is based upon an agreement of the creditors, by which they are claimed to have been created a lien upon the corpus of the trust estate, and while they are undoubtedly to be regarded as claims to be preferred before the payment of any claims of creditors of the Deutsch Lithographing and Printing Company, it is impossible to see any principle upon which they should be given a preference over the creditors of Albert E. Tolle, Trustee, and certainly the creditors of Tolle, Trustee, could not be bound, or any lien created as against them in favor of these claims by the creditors of the Deutsch Lithographing and Printing Company. So much of the exceptions therefore as relate specifically to these two items will be sustained.

It would appear from the testimony in the case, that the business as conducted by Mr. Tolle, trustee, is itself insolvent; therefore, in any distribution of the funds in his hands such distribution must be regarded as the distribution of an insolvent estate, and in such case there can be priorities allowed, and allowed only as they are created by statute. It seems that Mr. Tolle himself, in order to conduct the business between the 20th of August and the 21st of January, hypothecated certain accounts to persons from whom he obtained material; such hypothecation was done without any authority of Court; and it is to say the least, extremely doubtful, whether a trustee has any right or power to so hypothecate accounts, or whether a Court of Chancery has any power even where its aid is invoked to authorize a trustee so to do; in fact the preponderance of opinion at this time seems to be that a trustee has not such power, nor can a Court of Equity grant any such power, because that would in effect be nothing more than permitting a trustee whose powers are certainly no greater, if as great, as those of a receiver, to issue certificates and give the holders of them a priority over other creditors, and this it has been distinctly held in this State cannot be done. I am dealing with the fund in the hands of a trustee, as being the insolvent trust estate of Albert E. Tolle, trustee, which in fact it seems to be, and in such an insolvent estate priorities are few; those recognized by statute are expenses of administration of the trust, taxes, labor, rent in cases, where a right of distraint exists, and such right of distraint has been converted into a lien upon specific chattels, and by practice in Courts of Chancery where in order to avoid the expenses incident to the levy of a distraint to the detriment of an estate, a Court of Equity has authorized the payment of the rent to the landlord, but there the priorities cease, and as between themselves all material men undoubtedly stand upon the same plane, and the distribution of the estate must be made between all material creditors of Tolle ratably, and the mere fact that one creditor has been more diligent than another in pushing the trustee for payment, can constitute no sufficient ground for giving him a priority to the exclusion of another material creditor of Tolle, Trustee.

With regard to the allowance of $122.20 to Walter Scott & Co., this allowance should, by the concession of all

the parties, have been made to Wm. S. Thomas, trustee; and from the evidence before the Court such allowance and payment seems to have been one which, if not specifically authorized in advance, would so have been, since its allowance undoubtedly inured to the benefit of all the creditors of Tolle, trustee, and therefore as equity sanctions the doing of that which if appealed to at the proper time it would have authorized to be done, it will ratify the same when done, and therefore this amount will be allowed in full. As to the Walter Scott claim of $500, the equitable principle of allowance is undoubtedly this, that the Walter Scott Company is a creditor of Tolle, trustee, to the extent of $750, and if the trust estate is insufficient to pay in full all the creditors of Tolle, trustee, then the Walter Scott Company is entitled to the same dividend or percentage upon its claim of $750 as are the other creditors of the trustee, and upon the amount of such percentage is to be entered as a credit the amount of $250 already paid by the trustee to the Walter Scott Company.

The exception will therefore be sustained and the papers referred back to the auditor for a restatement of the account in accordance with the views here indicated, and inasmuch as the said Tolle by his report did not make a full accounting to this Court of his conduct of the entire estate in his hands, and of which he has asked this Court to assume jurisdiction, such account will be restated by the auditor at the expense of the trustee.